UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALEXANDRA LOPEZ-PESANTES,

       Plaintiff,

  -v-                                      12 Civ. 7605 (LTS)

SEARS, ROEBUCKS & COMPANY,

       Defendant.

-------------------------------------------------------x

### ORDER

After receiving Plaintiff's January 10, 2014, untimely motion for reconsideration of the Court's November 8, 2013, Memorandum Order granting Defendant's motion to dismiss in its entirety (see Docket entry no. 19), the Court directed Plaintiff to provide further support for the motion by filing a sworn affidavit explaining her claim that surgery had prevented her from responding to Defendant's motion to dismiss, which was filed in July 2013.  On February 4, 2014, Plaintiff submitted an affidavit stating that she had undergone a surgical procedure on March 26, 2013, after which she had an unspecified "complication," "anemia," "rash" and "a lot [of] pain" all over her body.[1]  Plaintiff further states that she is generally physically disabled.

Local Civil Rule 6.3 of this court provides for a motion for reconsideration or reargument, requiring the movant to move "within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment" and to serve "with the notice of motion a memorandum setting forth concisely the matters or controlling decisions

---

[1]     Plaintiff also states in the affidavit that she had suffered from an accident inside the "MTA Bus Company" on December 13, 2007, and a fall in New Jersey on January 29, 2010, which damaged her knee.

which counsel believes the Court has overlooked." See Local Civil Rule 6.3.  Plaintiff's instant motion was filed on January 10, 2014, sixty-three days after the Memorandum Order dismissing her case was entered.  Nothing in Plaintiff's affidavit serves to justify her delay in filing the motion for reconsideration or her original failure to file any opposition to Defendants' motion to dismiss.  While the Court can excuse a party's failure to comply with Local Civil Rule 6.3 for a "compelling reason" (See Richman v. W.L. Gore & Assocs., 988 F. Supp. 753, 755 (S.D.N.Y. 1997)), Plaintiff has not supplied any specific explanation for the delay.

Moreover, even if Plaintiff's motion for reconsideration was considered on the merits, a motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).  Thus, the standard for granting such a motion is high.  See Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Luv N' Care, Ltd. v. Regent Baby Products Corp., No. 10 Civ. 9492, 2014 WL 265767, at *1 (S.D.N.Y. Jan. 23, 2014) (internal quotation marks and citations omitted).  Grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013).  Here, Plaintiff has also not identified any new facts, errors of law, or controlling decisions that the Court overlooked in its Memorandum Order.  Accordingly, Plaintiff's motion for reconsideration is denied.

This Order resolves docket entry number 21.

SO ORDERED.

Dated: New York, New York
February 28, 2014

/S
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed to:

Alexandra Lopez-Pesantes
49-08 Hudson, Apt. 5
West New York, NJ 07093